UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD ALLEN MOORE, | ) |
| Plaintiff, | ) No. 4:15-CV-597 RLW |
| v. | ) |
| CORIZON, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant Corizon, LLC's Motion to Dismiss (ECF No. 6). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

In his Petition, Plaintiff Edward Allen Moore ("Moore") seeks monetary damages against Defendant Corizon, LLC ("Corizon")[2] for failing to perform a tooth extraction for eight months. (ECF No. 3, ¶2). Moore claims that he experienced "excruciating dental pain during the month of July 2009 while incarcerated at the [Missouri Department of Corrections ("MDOC")] Northeast Correctional Center." (ECF No. 3, ¶11). Moore submitted a Medical Services Request ("MSR") and a dentist determined that Moore needed a tooth extracted. (*Id.*). Moore asserts that he unnecessarily suffered between July 2009 until his tooth was extracted on March 3, 2010. (*Id.*). Moore filed a Petition, alleging claims under Section 1983 (Count I), breach of

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] Corizon LLC is improperly named as Corizon, Incorporated in the Petition.

contract (Count II), negligence per se (Count III), and negligence (Count IV). Corizon removed the Petition and has moved to dismiss all of Corizon's claims.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

I. **Count I**

A. **Corizon's Motion to Dismiss**

In Count I, Moore alleges a claim for deliberate indifference under the Eighth Amendment in accordance with 42 U.S.C. §1983. Moore alleges that Corizon failed to perform a tooth

extraction in a timely manner. Corizon argues that Moore's claim for deliberate indifference fails as a matter of law because his Petition omits any reference to Corizon's policies.

"A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). "The test is whether there exists a policy, custom or action by those who represent official policy which inflicts an injury actionable under § 1983." *Crumpley-Patterson*, 388 F.3d at 590 (citing *Monell*, 436 U.S. at 694. Corizon argues that Moore has not alleged any unconstitutional policy or custom that resulted in his alleged injury. (ECF No. 7 at 1-2; ECF No. 13 at 2).

In his response, Moore contends that the "complaint alleges [that] intentional understaffing is a routine business practice and that Corizon does not require compliance with DOC policies and procedures which both require timely delivery of health services and are designed to prevent unreasonable delay in the delivery of health services." (ECF No. 11 at 2).[3] In the Petition, Moore alleges that "Corizon has exhibited deliberate indifference to the serious dental needs of MoDOC [sic] prisoners since 1993." (ECF No. 3, ¶13). Moore further alleges "Corizon acquiesces to the failure of its agents and employees to adhere to MoDOC [sic] policies intended to ensure timely access to health services and/or prohibiting unreasonable delay in the delivery of health services, named: IS11-01; IS11-36; IS11-37; and IS11-38, and such acquiescence was the proximate cause of said delay in providing dental services to Plaintiff." (ECF No. 3, ¶14).

The Court holds that Moore has sufficiently alleged violation of an unconstitutional policy that resulted in injury. Moore alleges in his Petition that Corizon's agents failed to adhere to

---

[3] Corizon notes that Moore does not cite to anywhere in his Petition to support this claim. (ECF No. 13 at 2). However, the Court finds that a closer reading of Moore's Petition refers to policy violations by Corizon.

MDOC policies to ensure timely access to health services. Moore further alleges he was injured in that he waited eight (8) months for a tooth extraction. The Court finds that Moore has sufficiently alleged that Corizon's violation of MDOC policies resulted in an unreasonable delay in receiving a tooth extraction. Therefore, the Court denies Corizon's motion to dismiss with respect to Count I.

### B. Application of Collateral Estoppel

In his Reply to Defendants' Motion to Dismiss ("Response"; ECF No. 11), Moore contends that Corizon's Motion to Dismiss should be denied based upon the collateral estoppel effect of his prior litigation against Correctional Medical Services (now, Corizon). *See* ECF No. 11 at 1-2; *Moore v. Jackson*, 123 F.3d 1082 (8th Cir. 1997); *Moore v. Ernest-Jackson*, 16 F. App'x 517 (8th Cir. 2001)).

The Eighth Circuit recently reiterated the standard for collateral estoppel:

> "Collateral estoppel, or issue preclusion, bars relitigation of an issue already decided in a different cause of action." *Derleth v. Derleth*, 432 S.W.3d 771, 774 (Mo. Ct. App. 2014); *accord Brown v. Carnahan*, 370 S.W.3d 637, 658 (Mo.2012) (en banc). Properly applied, the doctrine "promote[s] judicial economy and finality in litigation," *Liberty Mut.*, 335 F.3d at 758, spares parties "the expense and vexation attending multiple lawsuits, ... and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions," *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). *Accord Buckley v. Buckley*, 889 S.W.2d 175, 179 (Mo. Ct. App.1994).

*Ideker v. PPG Indus., Inc.*, 788 F.3d 849, 852 (8th Cir. 2015). In determining whether collateral estoppel applies to Moore's §1983 claim, the Court must consider four factors:

> "(1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit."

*Royal Ins. Co. of Am. v. Kirksville Coll. of Osteopathic Med., Inc.,* 304 F.3d 804, 807 (8th Cir. 2002) (quoting *James v. Paul,* 49 S.W.3d 678, 682 (Mo. 2001) (en banc)); *Ideker v. PPG Indus., Inc.,* 788 F.3d 849, 853 (8th Cir. 2015).

The Court holds that Moore's Petition is not entitled to collateral estoppel treatment based upon his prior lawsuit, which related to events that occurred in 1994. *See Moore v. Jackson*, 123 F.3d 1082 (8th Cir. 1997); *Moore v. Ernest-Jackson*, 16 F. App'x 517 (8th Cir. 2001). The Court cannot state that the issues decided in the prior lawsuit were identical to the issues in this case. The prior lawsuit was decided on a motion for summary judgment, after full discovery had taken place. The prior lawsuit related to events that occurred more than twenty (20) years ago. Since that time, there has been significant development in the law for §1983 actions. Also, the operative facts in this case are different than the facts in the prior lawsuit, with new actors, difference grievances filed, and different responses to Moore's requests. The Court, therefore, declines to apply collateral estoppel to find in favor of Moore. However, for the reasons already stated, the Court denies Corizon's Motion to Dismiss Moore's §1983 claim.

## II.   Count II

In Count II,[4] Moore alleges a claim for breach of contract. In Count II, Moore alleges that Corizon breached its contract regarding medical services with the MDOC by failing to provide him adequate medical treatment. Corizon states that the breach of contract claim fails because the contract expressly denies any intent to benefit third parties, which includes Moore. The contract states in relevant part:

> 7.9 Rights and Responsibilities: The contract is not intended to create any rights, liberty interest, or entitlements in favor of any individual. The contract is

---

[4] This matter is before the Court on federal question jurisdiction based upon Moore's §1983 claim. *See* Notice of Removal, ECF No. 1; 28 U.S.C. §1441. The Court exercises supplemental jurisdiction over Counts II-IV. *See* 28 U.S.C. §1367.

intended only to set forth the rights and responsibilities of the parties hereto. Therefore, it is expressly understood and agreed that enforcement of the terms and conditions of this contact, and all rights of action relating to such enforcement, shall be strictly reserved to the parties hereto, and nothing contained in this contract shall give or allow any claim or right of action whatsoever by any other person on this agreement. It is the express intention of the parties hereto that any entity, other than the parties hereto, receiving services or benefits under this contract shall be deemed an incidental beneficiary only.

(ECF No 7, Exhibit 1).

In response, Moore argues that the contract is not in evidence and cannot be considered because this issue is not before the Court on a motion for summary judgment. (ECF No. 11 at 5). Moore further contends that contracting parties cannot extinguish the standing of a third-party beneficiary to sue for breach of contract by putting a clause to that effect in their contract. (ECF No. 11 at 6).

Under Missouri law:

> Only parties to a contract and any third-party beneficiaries of a contract have standing to enforce that contract. To be bound as a third-party beneficiary, the terms of the contract must clearly express intent to benefit that party or an identifiable class of which the party is a member. In cases where the contract lacks an express declaration of that intent, there is a strong presumption that the third party is not a beneficiary and that the parties contracted to benefit only themselves. Furthermore, a mere incidental benefit to the third party is insufficient to bind that party.

*Torres v. Simpatico, Inc.*, 781 F.3d 963, 971 (8th Cir. 2015) (quoting *Verni v. Cleveland Chiropractic Coll.*, 212 S.W.3d 150, 153 (Mo. 2007) (quotations and citations omitted)).

As an initial matter, the Court holds that the contract is integral to Moore's breach of contract claim and, therefore, the Court can consider it, even though it is not attached to the Petition. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) ("When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed.R.Civ.P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider "some materials

that are part of the public record or do not contradict the complaint[.]"); *see also* http://archive.oa.mo.gov/bids/b3z14039.htm (contract is publicly available).

Further, the Court holds that the contract's clear language indicates that Moore cannot be a third party beneficiary to the contract. Under Missouri law, "an agreement must 'clearly express an intent to benefit' a third-party in order for the third-party to attain third-party beneficiary status. In the absence of an 'express declaration of that intent [to benefit the third-party], there is a strong presumption that the third party is not a beneficiary and that the parties contracted to benefit only themselves.'" *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 135 (Mo. 2007) (quoting *Netco, Inc. v. Dunn*, 194 S.W.3d 353, 358 (Mo. 2006)). In this case, the contract contains no express declaration of intent to benefit Moore or someone in his position. To the contrary, the contract states that "any entity, other than the parties hereto, receiving services or benefits under this contract shall be deemed an incidental beneficiary only." Moore is not, therefore, a third-party beneficiary to the contract. For this reason, Moore has no standing to assert a claim under the contract, which is solely between Corizon and the MDOC. The Court grants Corizon's Motion to Dismiss as to Count II.

### III.  Count III and IV

Moore alleges claims for negligence in Counts III and IV. In Count III, Moore alleges a claim for negligence per se, stating that Corizon failed to adhere to MDOC policies and procedures by failing to provide dental services in a timely manner. Likewise, in Count IV, Moore alleges a claim of negligence for failure to provide dental services in a timely manner. Corizon claims that Moore's claims are untimely because Moore did not bring his claim "for malpractice, negligence, error or mistake related to health care" within two years "from the date of occurrence of the act of neglect complained of." Mo. Rev. Stat. §516.105; *see also Robinson*

*v. Health Midwest Dev. Grp.*, 58 S.W.3d 519, 522 (Mo. 2001) ("The clear and unambiguous language of §516.105, R.S. Mo. indicates that actions based in negligence brought against the enumerated health care providers in relation to the provision of health care services must be brought within two years from the date of occurrence of the alleged negligent act."). Because Counts III and IV relate to events that occurred in 2009 and 2010, Corizon argues that Moore's claim for failure to provide dental services is untimely.

In response, Moore argues that Corizon is not a health care provider who is entitled to invoke the statutory limitations in §516.105, R.S. Mo. ECF No. 11 at 6; *see also* §538.205(4) (defining "health care provider" as "any physician, hospital, health maintenance organization, ambulatory surgical center, long-term care facility including those licensed under chapter 198, dentist, registered or licensed practical nurse, optometrist, podiatrist, pharmacist, chiropractor, professional physical therapist, psychologist, physician-in-training, and any other person or entity that provides health care services under the authority of a license or certificate"). Rather, Moore claims that the general five (5) year statute of limitations should apply to his negligence claims. *See* §516.105, R.S. Mo.

The definition of health care provider in §538.205(4) applies, according to its own terms, to sections 538.205-538.230. Therefore, the Court is not limited to the definition of heath care provider in §538.205(4). Moore alleges in his Petition that Corizon should have provided a health care service (tooth extraction) but failed to do so. The Court finds that, based upon the allegations in Moore's Petition and legal precedent, Corizon is a health care provider. *See Bowling v. Holder*, No. 1:11CV43 HEA, 2013 WL 996185, at *1 (E.D. Mo. Mar. 13, 2013) ("Defendant Corizon, Inc., f/k/a Correctional Medical Services, Inc., (CMS), is a private entity which provides medical services to inmates through physicians, nurses and allied health care

providers within the Missouri Department of Corrections."). The Court, therefore, holds that Moore's claims are barred by the statute of limitations in §516.025.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Corizon LLC's Motion to Dismiss (ECF No. 6) is **GRANTED**, in part, and **DENIED**, in part. Counts III and IV are **DISMISSED**.

Dated this 5th day of October, 2015.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**